UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THURMAN VAUGHT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:15 CV 1499 CDP |
|  | ) |  |
| BI-STATE DEV. AGENCY, d/b/a | ) |  |
| METRO, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before me on unopposed motions to dismiss. The motions will be granted.

Plaintiff was a bus driver for defendant Bi-State Development Agency ("Metro") until he was terminated for having too many accidents. Plaintiff was a member of defendant Amalgamated Transit Union Division 788 and covered by a collective bargaining agreement between the union and Metro. Plaintiff filed a grievance objecting to his discharge, but the union did not pursue it.

In this lawsuit, plaintiff alleges that Metro violated Section 301 of the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, by firing him in violation of the collective bargaining agreement. He also alleges that the union breached its duty of fair representation under the LMRA by not grieving his termination.

Metro and the union move for dismissal of plaintiff's complaint under Rules 12 (b)(1) and (6) of the Federal Rules of Civil Procedure[1] because Metro is not an "employer" covered by the LMRA. The National Labor Relation Act's (NLRA) definitions apply to the LMRA. 29 U.S.C. § 142(2). Because the NLRA specifically excludes "any State or political subdivision thereof" from the definition of "employer," Section 301 of the LMRA does not apply to employers which are political subdivisions. 29 U.S.C. § 152(2). [2] Metro is an interstate compact between Missouri and Illinois formed in 1949. Mo. Rev. Stat. § 70.370; 45 Ill. Comp. Stat. 100/1. It is a "political subdivision" excluded from coverage

---

[1] Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action based on lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

[2] The NLRA also excludes "any individual employed . . . by any other person who is not an employer as herein defined" from its definition of covered "employee." 29 U.S.C. § 152(5).

under the LMRA. *Amalgamated Transit Union Div. 788 v. Bi-State Dev. Agency of Missouri-Illinois Metropolitan Dist.*, Case No. 4:15CV455 (AGF), 2015 WL 3645513, at *3 (June 10, 2015); *Amalgamated Transit Union, AFL-CIO v. Kansas City Area Transp. Auth.*, 485 F. Supp. 856, 859 (W.D. Mo. 1980) (bi-state Kansas City Area Transportation Authority is a "political subdivision" and therefore not an employer within the meaning of the LMRA); *Int'l Union of Operating Engineers, Local 542 v. Delaware River and Bay Auth.*, 2014 WL 1882430, at *3 (D.N.J. May 12, 2014) ("[B]i-state agencies such as the [Delaware River Bay Authority] are not 'employers' within the meaning of the LMRA, because they are 'political subdivisions.'"); *Nobles v. Metropolitan Transit Authority*, 1994 WL 24874, at *4-*5 (5th Cir. Jan. 11, 1994) (transit authority is political subdivision under the LMRA and exempt from federal jurisdiction created by section 301 of the LMRA). Plaintiff's LMRA claims against Metro must accordingly be dismissed.

Because the LMRA does not apply to Metro, plaintiff's claims against the defendant union must also be dismissed. The duty of fair representation does not apply to plaintiff as a public employee of Metro. *See Paulsen v. Local No. 856 of Int'l Bhd. of Teamsters*, 377 Fed. Appx. 706, 707 (9th Cir. 2010) ("Plaintiffs cannot state a claim against IBT or Local No. 856 for violating any federal duty of fair representation, because the federal labor statutes do not apply to plaintiffs as public employees of a political subdivision of a state."); *Anderson v. Mercer*

*County Sheriff's Dept.*, 2015 WL 404473, at *2-*3 (D.N.J. Jan. 29, 2015) ("[E]mployees of . . . political subdivisions cannot bring claims under Section 301 for breach of the duty of fair representation because such entities fall outside the definition of 'employer' under the LMRA."); *Reid v. Prince George's County Pub. Schools*, 2011 WL 5513221, at *4 (D. Md. Nov. 10, 2011) ("[T]he judicially created duty of fair representation under the NLRA does not apply to employees like Plaintiff who were employed by public employers such as the School Board.").

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [10, 13] are granted, and plaintiff's complaint is dismissed.

A separate Judgment is entered this same date.

                                         CATHERINE D. PERRY
                                         UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2016.